UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-100-JHM
*Filed Electronically*

**In re:  219 South Chapman Street, Morganfield, KY 42437**

THE UNITED STATES OF AMERICA

                                                                                          PLAINTIFF

VS.

JACQUELINE BROWN
**Serve via certified mail:**              **219 South Chapman Street**
                                                      **Morganfield, KY 42437**

AND

UNKNOWN SPOUSE OF JACQUELINE BROWN
**Serve via certified mail:**              **219 South Chapman Street**
                                                      **Morganfield, KY 42437**

                                                                                          DEFENDANTS

<u>**IN REM COMPLAINT**</u>

********

    Comes now the Plaintiff, the United States of America, by and through counsel, and for its In

Rem Complaint and cause of action against the Defendants states as follows:

1. This real estate mortgage foreclosure action is brought by the United States of America,

    on behalf of its Department of Agriculture, Rural Development (hereinafter "RD"), f/k/a

    Farmer's home Administration (FmHA),  pursuant to Title 28, United States Code,

    Section 1345.

2. On or about September 2, 1994, Jacqueline Brown, for value received, executed and

    delivered to RD a promissory mortgage note (hereinafter "Note") in the principal amount

    of $24,000.00, bearing interest at the rate of 8 percent per annum, the Note calling for

monthly payments of principal and interest.  A copy of this Note is attached hereto marked **Exhibit A**, and hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note, Jacqueline Brown, executed, acknowledged, and delivered to RD a real estate mortgage (hereinafter "Mortgage"), which was recorded on September 2, 1994, in Mortgage Book 209, Page 269, in the Commonwealth of Kentucky, Union County Clerk's Office.  In and by this Mortgage, said borrowers granted to RD a first mortgage lien against the real property described in the Mortgage located in Union County, Kentucky (hereinafter "Property").  A copy of this Mortgage is attached hereto marked **Exhibit B**, and is hereby incorporated by reference as if set forth at length herein.

4. Contemporaneously with the execution of the Note and Mortgage, Jacqueline Brown executed, acknowledged, and delivered to RD a Subsidy Repayment Agreement (hereinafter "Subsidy Agreement").  A copy of this Subsidy Agreement is attached hereto marked **Exhibit C**, and hereby incorporated by reference as if set forth at length herein.

5. By virtue of all of the foregoing, the real property which is the subject of this mortgage foreclosure action consists of a tract of land located in Union County, Kentucky, and more particularly described as follows:

> Beginning at an iron pin corner to H. Martin, said pin being 50 feet from the south R/W of Culver Street and 30 feet east of the center of Chapman Road in the City of Morganfield, Kentucky; thence with the line of Martin S. 50 20" E--100.00 feet to an iron pin corner to E. Mitchell; thence with the line of Mitchell S 34 20' W--52 feet to iron pin corner to P. Compton; thence with the line of Compton 50 57' 20" W--100.00 feet to an iron pin in the east R/W of Chapman Road; thence with the R/W of Chapman Road N 34 20' E--52.00 feet to the point of beginning and containing 5196 square feet (0.115 AC).

Being the same property conveyed to Jacqueline Brown, a single person, by deed dated September 2, 1994, of record in Deed Book 278, at Page 190, in the office of the Union County Clerk.

**Property Address**: 219 South Chapman Street, Morganfield KY 42437

6. The Defendants, and/or said borrowers, have failed and continue to fail to make payments of principal and interest due in accordance with the terms and conditions of the said Note and Mortgage and are, therefore, in default.

7. Paragraph (22) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then RD shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued and accruing interest to be immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof.  Because of the Default of the Defendants, and/or said borrower, as set forth above, RD caused a Notice of Acceleration of Indebtedness and Demand for Payment to be issued to said Defendants declaring the entire indebtedness due upon the said Note and Mortgage to be immediately due and payable, which demand has been refused.

8. Paragraph (1) of the Subsidy provides that subsidy received in accordance with a loan under section 521 of the Housing Act of 1949 is repayable to the Government upon the disposition or no occupancy of the security property.

9. The unpaid principal balance on the Mortgage and Note is $12,394.25, with accrued interest of $2,080.88 through July 8, 2019, with the total subsidy granted of $296.00, with escrow in the amount of $799.98, and with fees assessed of $1,246.17, for a total unpaid balance due of $16,817.28.  Interest is accruing on the unpaid principal balance at the rate of $2.9746 per day after July 8, 2019.  An Affidavit of Proof Statement of Account

signed by RD Foreclosure Representative, Vickie Jones, is attached hereto marked **Exhibit D**, and is incorporated herein as if set forth verbatim.

10. Upon information and belief, the Plaintiff states that on or about September 7, 2018, Defendant, Jacqueline Brown, filed for Chapter 7 Bankruptcy relief.  Said Defendant was discharged in Bankruptcy on December 11, 2018.  As a result, Plaintiff is seeking an In Rem judgment only.

11. The Property is indivisible and cannot be divided without materially impairing its value and the value of RD's lien thereon.

12. Whether or not the Defendant, Jacqueline Brown is married, is unknown to the Plaintiff. The Defendant, Unknown Spouse of Jacqueline Brown, if same exists, is vested with a curtesy interest in the property by virtue of his status as the spouse of Jacqueline Brown, which said curtesy interest is junior in rank and subordinate in priority to the first mortgage lien on the property in favor of RD.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Jacqueline Brown, and the Plaintiff calls upon him to come forth and assert his claim on or interest in the property, if any, and offer proof thereof, or be forever barred.

13. The lien on the Property in favor of RD by virtue of the Mortgage is first, prior and superior to all other claims, interests and liens in and to the Property except for liens securing the payment of ad valorem property taxes.

14. There are no other individuals or entities purporting to have an interest in the Property known to RD.

WHEREFORE, the Plaintiff, the RD, prays for relief as follows:

a.      That the RD be awarded an in rem judgment.  The total amount owing is $16,817.28, as of July 8, 2019.  Interest is accruing on the unpaid principal balance at the rate of $2.9746 per day after July 8, 2019, until entry of judgment herein, and thereafter according to law, plus costs, disbursement and expenses.

b.      That RD be adjudged a lien on the subject Property, prior and superior to any and all other liens, claims, interests, and demands, except liens for unpaid real estate ad valorem taxes and except as set forth above; and for an Order of Sale of the Property in accordance with Title 28, United States Code, Sections 2001- 2003, inclusive; that the Property be sold free and clear of any and all liens and claims for any and all parties to this action, except for real estate restrictions and easements of record, and any city, county, state, or school ad valorem taxes which may be due and payable thereon at the time of sale; and free and clear of any rider equity of redemption; and that the proceeds from the sale be applied first to the costs of this action, second to the debt, interest, costs, and fees due the Plaintiff, with the balance remaining to be distributed to the parties as their liens and interests may appear.

c.      That the Property be adjudged indivisible and be sold as a whole.

d.      That all Defendants be required to Answer and set up their respective liens, claims, or interests in the Property, if any, or be forever barred.

e.      For any and all other lawful relief to which the Plaintiff may appear properly

entitled.

Respectfully submitted,
Clunk, Hoose Co., LPA


*/s/ Travis W. Thompson*
Travis W. Thompson KBA No. 91275
ATTORNEY FOR PLAINTIFF
THE UNITED STATES OF AMERICA
2360 Chauvin Drive, Suite 204
Lexington, KY 40517-3917
Telephone:      502-867-6758
Facsimile:      502-867-6761
Email:     tthompson@clunkhoose.com
File No. 19-01546

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The United States of America

**DEFENDANTS**
Jacqueline Brown; Unknown Spouse of Jacqueline Brown;

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Union County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Travis W. Thompson KBA 91275
2360 Chauvin Drive, Suite 204
Lexington, KY 40517-3917

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28, U.S.C. Section 1345
Brief description of cause:
Default of payments on Note and Mortgage; Action in Foreclosure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  08/13/2019

SIGNATURE OF ATTORNEY OF RECORD  /s/ Travis W. Thompson

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Print    Save As...    Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.**  Place an "X" in one of the six boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**   ADVICE # ▮▮▮▮▮▮▮

| TYPE OF LOAN |
|---|
| RH – 502 |

| STATE |
|---|
| KENTUCKY |
| **COUNTY** |
| HENDERSON |
| **CASE NO.** |
| ▮▮▮▮▮▮▮ |

# EXHIBIT A

Date <u>SEPTEMBER 2</u>, 19<u>94</u>.

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in <u>HENDERSON</u>

<u>KENTUCKY</u>

**THE PRINCIPAL SUM OF** <u>TWENTY FOUR THOUSAND</u>

**DOLLARS ($** <u>24,000.00</u> ), plus INTEREST on the UNPAID PRINCIPAL of

<u>EIGHT</u> PERCENT ( <u>8</u> %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in <u>396</u> installments as indicated in the box below:

| |
|---|
| $ <u>173.00</u> on <u>OCTOBER 2</u> , 19<u>94</u> , and |
| $ <u>173.00</u> thereafter on the <u>2ND</u> of each <u>MONTH</u> until the **PRINCIPAL and INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** <u>THIRTY THREE</u> ( <u>33</u> ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments. |

U.S. Government Printing Office: 1991 — 554-NU/20509          *Position 2*          FmHA 1940-16 (Rev. 4-91)

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

_Jacqueline Brown_   (SEAL)
_(BORROWER)_

_____   (SEAL)
_(CO-BORROWER)_

219 S Chapman ST

Morganfield, KY   42437

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 24,000.00 | 09/02/94 | (8) $ | | (15) $ | |
| (2) $ (CREDIT | SALE) | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ CREDIT SALE | |

**EXHIBIT B**

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 6-91)

Position 5

BOOK 2 0 9 PAGE 2 c

ADVICE #

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by   JACQUELINE BROWN, unmarried

'94 SEP 2 PM 2 35

BILLY ___ ___ __ CLERK

BY ___ DEPUTY

residing in   UNION ___ County, Kentucky, whose post office

address is   219 SOUTH CHAPMAN, MORGANFIELD ___, Kentucky 42437,

herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| September 2, 1994 | $24,000.00 | 8.0% | September 2, 2027 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Adminstration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of   UNION ___:

Beginning at an iron pin corner to H. Martin, said pin being 50 feet from the south R/W of Culver Street and 30 feet east of the center of Chapman Road in the City of Morganfield, Kentucky; thence with the line of Martin S. 50 deg. 57' 20" E--100.00 feet to an iron pin corner to E. Mitchell; thence with the line of Mitchell S 37 deg. 20' W--52.00 feet to an iron pin corner to P. Compton;

FmHA 427-1 KY (Rev. 6-91)

# BOOK 209 PAGE 270

thence with the line of Compton N 50 deg. 57' 20" W--100.00 feet to an iron pin in the east R/W of Chapman Road; thence with the R/W of Chapman Road N 37 deg. 20' E--52.00 feet to the point of beginning and containing 5196 square feet (0.115 Ac.).

Being the same property which the Mortgagor acquired by deed from United States of America, acting by and through Farmers Home Administration dated September 2, 1994 and of record in Deed Book _278_ , at page _190_ , in the Union County Clerk's Office.

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property"; All rents, profits and income from the property covered by this mortgage are hereby assigned to the mortgagee for the purpose of discharging the debt hereby secured. Permission is hereby given to the mortgagor, so long as no default exist hereunder, to collect such rents, profits and income for use in accordance with Farmers Home Administration regulations.

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

BOOK 2 0 9 PAGE 2 7 1

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property. Upon termination of this mortgage, after payment in full, the mortgagee, at the mortgagor's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial statue, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial statue, age or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

BOOK 2 0 9 PAGE 2 7 2

Given under the hand(s) and seal(s) of Borrower this _____2nd_____ day of __September__ , 19 __94__.

*Jacqueline Brown* _____ (SEAL)

JACQUELINE BROWN, unmarried

_____ (SEAL)

STATE OF KENTUCKY

COUNTY OF __UNION__ } *ss:*

Before me, __Sheila Nunley Crafton__ _____, a Notary Public in and for

~~of County of~~ **Commonwealth of Kentucky,** State-At-Large _____ personally appeared __Jacqueline Brown__

_____ and _____ , his wife,

who acknowledged that they executed the foregoing instrument on the _____2nd_____

day of __September__ _____, 19 __94__, as their free act and deed.

WITNESS my hand and official seal this _____2nd_____ day of __September__ , 19 __94__.

*Sheila Nunley Crafton* _____

*Notary Public*

(SEAL)

My commission expires: __August 16, 1997__

### PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

__Sheila Nunley Crafton__ _____,

*(name)*

__223 First Street, P. O. Box 618, Henderson, Kentucky 42420__

*(address)*

*Sheila Nunley Crafton* _____

*(Signature)*

STATE OF KENTUCKY

COUNTY OF UNION.........SCT.

I, Billy Steve Peak, Clerk of Union County, do hereby certify that the foregoing instrument was on this day at _2:35_ o'clock _P.M._ produced to me and ordered to be and is with this certificate truly recorded in my office.

Witness my hand this _2_ day of _Sept._ , 1994.

BILLY STEVE PEAK, CLERK

BY *Billy Steve Peak* D.C.

Given under my hand this _____ day of _____ , 19 ___.

_____

*Clerk of* _____ *County Court*

By _____ , D.C.

*U.S. Government Printing Office: 1991 — 556-784

# EXHIBIT C

ADVICE # ███████

FmHA Instruction 1951-I
Exhibit A

### UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION

#### Subsidy Repayment Agreement

Date of Note 9/2/94 Amount of Note 24,000. Date of Mortgage 9/2/94

Date of Note _____ Amount of Note_____ Date of Mortgage _____

Type of Assistance:       1. Interest Credit    __x__
                          2. Homeownership Assistance
                             Program            _____

Address of Property  219 South Chapman___

                     Morganfield, Kentucky 42420

        Borrower:  Jacqueline Brown

        Co-Borrower:

1.  This agreement entered into pursuant to 7 CFR 1951-I, between the
United States of America, acting through the Farmers Home
Administration (FmHA) (herein called "the Government") pursuant to
section 521 of Title V of the Housing Act of 1949 and the borrower(s)
whose name(s) and address(es) appears above (herein sometimes
referred to as "borrower"), supplements the note(s) from borrower to
the Government as described above, and any promissory note(s) for
loans made to borrower in the future by the Government.  Such future
notes, when executed, will be listed below the signature line of this
Subsidy Repayment Agreement.

2.  I (we) agree to the conditions set forth in this agreement for
the repayment of the subsidy granted me (us) in the form of interest
credits or Homeownership Assistance Program (HOAP) subsidy
(hereinafter called "subsidy").

3.  I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy
received or to be received.  I (we) agree that the subsidy is due and
payable upon the transfer of title or non-occupancy of the property
by me (us).  I (we) understand that the real estate securing the
loan(s) is the only security for the subsidy received.  I (we)
further understand that I (we) will not be required to repay any of
the subsidy from other than the value (as determined by the
Government) of the real estate, mortgaged by myself (ourselves) in
order to obtain a Section 502 Rural Housing (RH) loan.

FmHA Instruction 1951-I
Exhibit A
Page 2

4.   I (we) understand that so long as I (we) continue to own the
property and occupy the dwelling as my (our) residence, I (we) may
repay the principal and interest owed on the loan and defer repaying
the subsidy amount until title to the property is conveyed or the
dwelling is no longer occupied by me (us).  If such a request is
made, the amount of subsidy to be repaid will be determined when the
principal and interest balance is paid.  The mortgage securing the
FmHA RH loan(s) will not be released of record until the total amount
owed the Government has been repaid.

5.   I (we) agree that Paragraph 6 of this agreement is null and void
should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6.   When the debt is satisfied by other than voluntary conveyance of
the property to the Government or by foreclosure, I (we) agree that
sale proceeds will be divided between the Government and me (us) in
the following order:

   (a)   Unpaid balance of loans secured by a prior
         mortgage as well as real estate taxes and
         assessments levied against the property which
         are due will be paid.

   (b)   Unpaid principal and interest owed on FmHA RH
         loans for the property and advances made by FmHA
         which were not subsidy and are still due and pay-
         able will be paid to the Government.

   (c)   I (we) will receive from the sale proceeds actual
         expenses incurred by me (us) necessary to sell the
         property.  These may include sales commissions or
         advertising cost, appraisal fees, legal and
         related costs such as deed preparation and
         transfer taxes.  Expenses incurred by me (us) in
         preparing the property for sale are not allowed
         unless authorized by the Government prior to
         incurring such expenses.  Such expenses will be
         authorized only when FmHA determines such expenses
         are necessary to sell the property, or will likely
         result in a return greater than the expense being
         incurred.

   (d)   I (we) will receive the amount of principal paid
         off on the loan calculated at the promissory note
         interest rate.

   (e)   Any principal reduction attributed to subsidized
         interest calculations will be paid to the
         Government.

ADVICE #

FmHA Instruction 1951-I
Exhibit A
Page 3

(f)    I (we) will receive my original equity which is
       the difference between the market value of the
       security, as determined by the FmHA appraisal at
       the time the first loan subject to recapture of
       subsidy was made, and the amount of the FmHA
       loan(s) and any prior lien.  This amount is
       _____ and represents _____ percent of the
       market value of the security.  (The
       percent is determined by dividing my (our)
       original equity by the market value of the
       security when the loan was closed.)  The
       dollar amounts and percent will be entered at
       the time this agreement is signed by me (us) and
       will be part of the agreement.

(g)    The remaining balance, after the payments
       described in (a) thru (f) above have been paid is
       called value appreciation.  The amount of value
       appreciation to be paid to the Government, in re-
       payment or the subsidy granted, is the lesser of
       (1) the full amount of the subsidy (2) an amount
       determined by multiplying the value appreciation
       by the appropriate factor in the following table.

### Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59     | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119   | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179  | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239  | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 to 299  | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359  | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396  | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)    I (we will receive the amount of value appre-
       ciation less the amount paid the Government as
       determined in (g) above.  I (we) will also re-
       ceive an additional amount in proportion to my
       original equity by reducing the amount of value
       appreciation due to the Government by the percent
       of my (our) original equity as shown in (f) above.

(i)    If I (we) am the recipient of HOAP, the amount of
       value appreciation to be recaptured will be calcu-
       lated as if I (we) had paid 1 percent interest on
       the loan, unless the average interest rate paid by
       me (us) was greater than 1 percent.  In such cases
       it will be determined based on the average

FmHA Instruction 1951-I
Exhibit A
Page 4

interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s)
only, the amount of repayment determined in (g)
above will be reduced by the following percent:
_____. This percent will be determined by
dividing the amount of the loan(s) subject to
recapture by the total outstanding RH debt. This
percentage will be entered at the time I (we) sign
this agreement.

(k)  If this agreement is for more than on loan that is
subject to recapture, the subsidy repayment compu-
tations will be based on the total subsidy granted
on all loans.

7.  When a FmHA loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid
the Government will be determined in the same manner as described in
paragraph 6 of this Exhibit but based on the appraised value
determined by FmHA instead of sales price. In such cases, the
subsidy due the Government will remain a lien on the property until
paid. It must be paid upon non occupancy, sale, or transfer of title
to the property.

8.  I (we) have read and agree to the provisions of this agreement.


_Jacqueline Brown_ Borrower

_____ Co-Borrower

_September 2, 1994_____
     Date Signed


Accepted and Agreed to
By_____ (FmHA Official)

_____ (Title)

_____ Date

# EXHIBIT D

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**RURAL DEVELOPMENT**

**AFFIDAVIT OF PROOF STATEMENT OF ACCOUNT AS TO:**

Borrower's Name(s):          **Jacqueline Brown**
RD Loan Number(s):          ███████

**STATE OF MISSOURI**
**COUNTY OF ST LOUIS**

Personally appeared before me the undersigned authority, Vickie Jones, Foreclosure Representative, Rural Development (RD) who upon oath deposes and says that she is an employee of the United States Department of Agriculture, an agency of the United States of America, and further states as follows:

1. That affiant is the RD Officer charged with legal custody of the accelerated RD loan file.

2. That affiant has personally reviewed **Jacqueline Brown** borrower Rural Development's accelerated RD loan account and file, and according to the records maintained and kept in this office, the borrower(s) as of **July 8, 2019**, owe(s) the unpaid balance of **$16,817.28** which includes principal, interest accrued to date and other pending fees and charges to the account as provided by the loan instruments and applicable law.  Interest continues to accrue at the rate of **$2.9746** per day as provided by the loan instruments. The payment is due the **2nd** of every month and is currently delinquent for **July 2, 2017** through **July 8, 2019.**

3. The account is delinquent as of **July 8, 2019** in the amount of **$5,336.53.**

Breakdown of the unpaid balance:

| | | |
|---|---|---|
| Loan Number | | ███████ |
| Principal Balance | $ | 12,394.25 |
| Interest | $ | 2,080.88 |
| Total Subsidy Granted | $ | 296.00 |
| Escrow | $ | 799.98 |
| Late Charges | $ | |
| Fees Assessed | $ | 1,246.17 |
| Appraisal Costs | $ | |
| Escrow Credits | $ | |
| **TOTAL** | $ | 16,817.28 |

Affiant has personal knowledge of the above-stated facts, is competent to testify to same, and declares that the foregoing is true and correct.

_____
Vickie Jones
Foreclosure Representative
St. Louis, MO
Rural Development
United States Department of Agriculture

Sworn to and subscribed before me this **8th** day of July  2019.

_____
Notary Public for Missouri
My commission Expires: 2/24/2022

KARI C. MEYER
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 14398578
My Commission Expires Feb 24, 2022